IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAMARIO A. COLEMAN,

    Petitioner,

    v.                                 CASE NO. 19-3163-JWL

COMMANDANT, U.S. Disciplinary
Barracks,

    Respondent.

## MEMORANDUM AND ORDER

This matter is a pro se petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner was granted leave to proceed in forma pauperis. Because Petitioner is confined at the United States Disciplinary Barracks in Fort Leavenworth, Kansas, this matter was transferred to this Court from the District of North Dakota. Respondent has filed an Answer and Return (Doc. 27). Petitioner has not filed a Traverse, and the November 12, 2019 deadline for filing one has passed. Petitioner seeks to set aside his 2012 conviction by general court-martial, based on the holdings in *United States v. Hills*, 75 M.J. 350 (C.A.A.F. June 27, 2016) and *United States v. Hukill*, 76 M.J. 219 (C.A.A.F. May 2, 2017).

## I. FACTUAL BACKGROUND

Petitioner, a former active duty member of the United States Air Force, was tried in September 2012 by general court-martial at Minot Air Force Base, North Dakota. Contrary to his pleas, Petitioner was convicted of one specification of rape, three specifications of aggravated sexual assault, and one specification of forcible sodomy, in violation of Articles 120 and 125 of the Uniform Code of Military Justice ("UCMJ"), 10 U.S.C. §§ 920, 925. Petitioner was

sentenced to a dishonorable discharge, confinement for twelve years, forfeiture of all pay and allowances, and a reduction to the grade of E-1. On March 1, 2013, the convening authority approved the sentence.

Petitioner appealed to the Air Force Court of Criminal Appeals ("AFCCA"), raising the issue of "WHETHER THE MILITARY JUDGE ERRED WHEN HE ALLOWED ONE CHARGE OF SEXUAL ASSAULT TO BE USED AS PROPENSITY EVIDENCE FOR ANOTHER CHARGE OF SEXUAL ASSUALT UNDER MILITARY RULE OF EVIDENCE (MRE) 413." (Doc. 27–5, at 15, Appellant's Assignment of Errors.) The AFCCA affirmed the findings and sentence. *United States v. Coleman*, No. AMC 38287, 2014 WL 4801263 (A.F. Ct. Crim. App. July 29, 2014). Petitioner's petition for grant of review to the Court of Appeals for the Armed Forces ("CAAF") was denied on November 6, 2014. *United States v. Coleman*, 74 M.J. 78 (C.A.A.F. Nov. 6, 2014).

Petitioner filed a petition for a writ of error *coram nobis* with the AFCCA, and it was denied on May 4, 2018. *Coleman v. United States*, Misc. Dkt. No. 2018-02, 2018 WL 4703273 (A.F. Ct. Crim. App. May 4, 2018). The CAAF summarily denied Petitioner's writ-appeal petition on June 6, 2018. *Coleman v. United States*, USCA Dkt. No. 18-0240/AF (C.A.A.F. June 6, 2018); Doc. 27–4.

Petitioner brings the instant petition under § 2241, arguing that his conviction and sentence violate the due process clause of the Fifth Amendment to the United States Constitution. Petitioner alleges that the instruction used at Petitioner's court-martial violated the Due Process Clause based on the subsequent decisions in *Hills* and *Hukill*. *Hills* was decided on June 27, 2016, and *Hukill* clarified *Hills* on May 2, 2017. Petitioner argues that *Hills* and *Hukill* should be applied retroactively, warranting a rehearing in his case.

## II. Standard of Review

A federal court may grant habeas corpus relief where a prisoner demonstrates that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). However, the Court's review of court-martial proceedings is very limited. *Thomas v. U.S. Disciplinary Barracks*, 625 F.3d 667, 670 (10th Cir. 2010). The Supreme Court has explained that "[m]ilitary law, like state law, is a jurisprudence which exists separate from the law which governs in our federal judicial establishment," and "Congress has taken great care both to define the rights of those subject to military law, and provide a complete system of review within the military system to secure those rights." *Nixon v. Ledwith*, 635 F. App'x 560, 563 (10th Cir. Jan. 6, 2016) (unpublished) (quoting *Burns v. Wilson*, 346 U.S. 137, 140 (1953)). "[W]hen a military decision has dealt fully and fairly with an allegation raised in [a habeas] application, it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." *Thomas*, 625 F.2d at 670 (quoting *Burns*, 346 U.S. at 142). Instead, it is the limited function of the civil courts "to determine whether the military have given fair consideration to each of the petitioner's claims." *Id.* (citing *Burns*, 346 U.S. at 145). Any claims that were not presented to the military courts are deemed waived. *Id.* (citing *Roberts v. Callahan*, 321 F.3d 994, 995 (10th Cir. 2003)).

## III. ANALYSIS

Petitioner alleges that the military judge at his court-martial instructed the jury, pursuant to a pattern jury instruction, that they could use evidence of one charged offense as evidence of his propensity to commit another charged offense. Petitioner relies on the subsequent decision in *Hills*, which held that it was "obvious" that such an instruction violated an accused's "presumption of innocence and right to have all findings made clearly beyond a reasonable

doubt, resulting in constitutional error." *Hills*, 75 M.J. at 353, 356. The decision in *Hukill* clarified that "under *Hills*, the use of evidence of charged conduct as M.R.E. 413 propensity evidence for other charged conduct in the same case is error, regardless of the forum, the number of victims, or whether the events are connected." *Hukill*, 76 M.J. at 222. "Whether considered by members or a military judge, evidence of a charged and contested offense, of which an accused is presumed innocent, cannot be used as propensity evidence in support of a companion charged offense." *Id*.

### A. Full and Fair Consideration

Petitioner argues that the military courts have not fully and fairly considered his claim, pointing to language in the AFCCA's decision "declin[ing] the appellant's invitation to speculate about his asserted possible [constitutional] dangers of Mil. R. Evid. 413." (Doc. 3, at 5.) However, the AFCCA found that at that time the Rule was both constitutional on its face and as applied in Petitioner's case. *Coleman*, 2014 WL 4801263, at *3. The AFCCA's decision, rendered pre-*Hills*, found that Petitioner's sentence was correct in law and fact. Furthermore, the AFCCA addressed the issue again in its decision denying Petitioner's Petition for Writ of Error Coram Nobis. *Coleman*, 2018 WL 4703273, at *1. The AFCCA stated that "Petitioner fails to address our holding in *Lewis* that the new rule of criminal procedure announced in *Hills* does not apply retroactively to cases such as his that were final at the time the new rule was announced." *Id*. (citing *Lewis v. United States*, 76 M.J. 829, 836 (A.F. Ct. Crim. App. 2017)).

The Court finds that it appears that the military courts dealt fully and fairly with his claim, relying on their decision in *Lewis*. Even if the AFCCA had failed to fully address the issue, its holding in *Lewis* would still prevent Petitioner from receiving the benefit of applying *Hills* retroactively.

**B. Retroactivity**

Petitioner's conviction is final, and his current habeas case is before the Court on collateral review. When a decision results in a new rule, "that rule applies to all criminal cases still pending on direct review," but "[a]s to convictions that are already final . . . the rule applies only in limited circumstances." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004) (citation omitted).[1]

The Supreme Court in *Teague v. Lane*, 489 U.S. 288 (1989), set forth an analysis for retroactivity in cases on federal collateral review. The Supreme Court in *Teague* carved out two exceptions to its general bar on retroactivity. A prisoner, through a collateral proceeding, may only obtain the benefit of a new rule, or the creation of a new rule in his or her case, if that rule falls within one of the two exceptions to the general principle that new rules will not be applied on collateral review. *Id*.

The Supreme Court in *Schriro* described the analysis as follows:

> New *substantive* rules generally apply retroactively. This includes decisions that narrow the scope of a criminal statute by interpreting its terms, . . ., as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish . . . . Such rules apply retroactively because they "necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal'" or faces a punishment that the law cannot impose upon him. . . .
>
> New rules of procedure, on the other hand, generally do not apply retroactively. They do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise. Because of this more speculative connection to innocence, we give retroactive effect to only a small set of "'watershed rules of criminal

---

[1] Petitioner argues that in the wake of *Hills* and *Hukill*, the CAAF and the CCAs have set aside dozens of convictions and authorized new trials where the government employed the same unconstitutional propensity instruction at issue in this case. (Doc. 3, at 14–15.) However, none of the cases cited by Petitioner are habeas cases under § 2241, and there is a distinction between cases before the military courts and cases on collateral review.

> procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." . . . That a new procedural rule is "fundamental" in some abstract sense is not enough; the rule must be one "without which the likelihood of an accurate conviction is *seriously* diminished." . . . This class of rules is extremely narrow, and "it is unlikely that any . . . 'ha[s] yet to emerge.'" . . .

*Schriro*, 542 U.S. at 351–52 (internal citations omitted).

The first *Teague* exception permits the retroactive application of a new rule if it is substantive. "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes. . . . In contrast, rules that regulate only the *manner of determining* the [Petitioner's] culpability are procedural." *Id.* at 353; *see also Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) (finding that the decision in *Johnson*, striking down the residual clause of the ACCA, was substantive where it affected the reach of the underlying statute rather than the judicial procedures by which the statute is applied). In determining whether a new rule is substantive or procedural, the Court must consider the function of the new rule, not its underlying constitutional source. *Welch*, 136 S. Ct. at 1265 (citation omitted) (stating that the *Teague* balance depends "on whether the new rule itself has a procedural function or a substantive function—that is, whether it alters only the procedures used to obtain the conviction, or alters instead the range of conduct or class of persons that the law punishes.").

Here, the rule does not decriminalize any types of conduct, nor does it alter the range of conduct or class of persons that the law punishes. *See Schriro*, 542 U.S. at 354 ("A decision that modifies the elements of an offense is normally substantive rather than procedural."). The rule in *Hills* does not alter the fact that Petitioner was the person who committed the crimes, and the crimes for which he was convicted still constitute criminal offenses. This case does not involve a substantive rule and therefore does not fit within the first *Teague* exception. *See Evans v. Horton*, Case No. 18-3240-JWL, 2018 WL 6305654, at * (D. Kan. Dec. 3, 2018) (finding that

the *Hills* ruling "only changed the manner of determining the defendant's culpability," and was therefore a procedural rule which may be applied retroactively only if it qualifies as a watershed rule), *aff'd on other grounds,* 2019 WL 5212906 (10th Cir. Oct. 11, 2019) (affirming on alternative waiver grounds); *see also Lewis v. United States*, No. 3:18-cv-00911-L-KSC, 2019 WL 5320691, at *6 (S.D. Cal. Oct. 21, 2019) (holding that "*Hills* announced a new criminal procedural rule.").

The ruling in *Hills* therefore involves a procedural rule. "*Teague* makes the retroactivity of our criminal procedure decisions turn on whether they are novel." *Chaidez v. United States*, 568 U.S. 342, 347 (2013). Thus, "new rules" of procedure generally do not apply retroactively. "[A] case announces a new rule . . . if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Id*. (emphasis in original) (citation omitted). "And a holding is not so dictated . . . unless it would have been 'apparent to all reasonable jurists.'" *Id*. (citation omitted).

Petitioner argues that *Hills* did not establish a new rule. Petitioner acknowledges that the AFCCA has concluded that *Hills* was not "apparent to all reasonable jurists," citing *Lewis*, 76 M.J. at 835, but argues that *Hills* stated that the result in that case "seems obvious" in light of *Wright*, 75 M.J. at 353. (Doc. 3, at 16.) Petitioner argues that *Hills* merely clarified *Wright* and did not set forth a new rule for purposes of *Teague*. *Id*. In support of his position, Petitioner cites *United States v. Hoffman*, 76 M.J. 758, (A. Ct. Crim. App. June 27, 2017) ("Nowhere in *Hills* did the court overturn or reverse prior case law. Indeed, the court specifically disavowed such an inference."). However, in *Hoffman* the conviction was not yet final, and the court went on to state that "as *Hukill* may be interpreted as stating that *Hills* announced a new rule we will assume as much." *Id*. at 768; *see also United States v. Hoffmann*, 77 M.J. 414 (C.A.A.F. May 7,

7

2018) (reversing and finding that appellant did not waive the error resulting from the propensity instructions because the court did "not construe the failure to object to what was the settled law at the time as an intentional relinquishment of a known right").

Petitioner's argument that *Hills* did not establish a new rule is not persuasive. The same argument was made in *Lewis v. United States*, and the court denied the petition for writ of habeas corpus under § 2241, finding that the AFCCA, in denying *coram nobis* relief, "conducted a thorough analysis of the legal landscape that preceded *Hills* and determined that the rule it announced was new." *Lewis v. United States*, No. 3:18-cv-00911-L-KSC, 2019 WL 5320691, at *4 (S.D. Cal. Oct. 21, 2019). The district court quoted the AFCCA's holding as follows:

> *Hills* was not decided until [June 27, 2016]. However, the CAAF had previously rejected a facial constitutional challenge to Mil. R. Evid. 413 in *United States v. Wright*, 53 M.J. 476, 483 (C.A.A.F. 2000) and suggested in dicta that Mil. R. Evid. 413 could be applied to evidence of charged as well as uncharged offenses of sexual assault to show propensity. *See United States v. Burton*, 67 M.J. 150, 152 (C.A.A.F. 2009) ("The Government may not introduce similarities between a charged offense and prior conduct, whether charged or uncharged, to show . . . propensity without using a specific exception within our rules of evidence, such as [Mil. R. Evid.] 404 or 413."). In addition, the version of the Military Judges' Benchbook in use at the time the judgment in Petitioner's case became final included a specific model instruction regarding the use of a charged instance of sexual assault as propensity evidence under Mil. R. Evid. 413. *Military Judges' Benchbook*, Dept. of the Army Pamphlet 27–9, ¶ 7–13–1, Note 4.2 (10 Sep. 2014). Moreover, in the same year that Petitioner's case became final, three Courts of Criminal Appeals specifically held that evidence of charged offenses of sexual assault could properly be used under Mil. R. Evid. 413, only to be overruled by *Hills* the following year. *United States v. Barnes*, 74 M.J. 692, 697–98 (A. Ct. Crim. App. 2015), *rev. den.*, 75 M.J. 27 (C.A.A.F. 2015); *United States v. Bass*, 74 M.J. 806, 815 (N–M. Ct. Crim. App. 2015); *United States v. Maliwat*, No. ACM 38579, 2015 WL 6655541, at *5-6, 2015 CCA LEXIS 443 (A.F. Ct. Crim. App. 19 Oct. 2015), *rev'd*, 76 M.J. 128 (14 Feb. 2017). Under these circumstances, we find the CAAF's decision in *Hills* broke new ground and would not have been "apparent to all reasonable

jurists" in February 2015.

*Id.* (quoting *Lewis*, 76 M.J. 829, 835 (A.F. Ct. Crim. App. 2017)); *see also Burleson v. United States*, 77 M.J. 653, 661 (N.M. Ct. Crim. App. Feb. 26, 2018) (stating that "because we find that *Hills* announced a new rule of criminal procedure that was not retroactive, the petitioner cannot claim its benefit").

A decision announcing a new rule will apply to cases still pending on direct review, but only in limited circumstances to convictions that are already final. *Schriro*, 542 U.S. at 351–52. Because the rule is procedural, rather than substantive, it must fit within the second *Teague* exception for "watershed rules of criminal procedure" which implicate both the accuracy and "the fundamental fairness" of the criminal proceeding. *Teague*, 489 U.S. at 311–15. To qualify as a watershed rule, it must meet two requirements: First, the rule must be necessary to prevent an impermissibly large risk of an inaccurate conviction; second, the rule must alter our understanding of the bedrock procedural elements essential to the fairness of the proceeding. *Whorton v. Bockting*, 549 U.S. 406, 418 (2007) (internal quotations and citations omitted).

The Supreme Court has noted that because these procedures would be so central to an accurate determination of innocence or guilt, it is unlikely that many such components of basic due process have yet to emerge. *See Teague*, 489 U.S. at 313 (stating that such rules are "best illustrated by recalling the classic grounds for the issuance of a writ of habeas corpus—that the proceeding was dominated by mob violence; that the prosecutor knowingly made use of perjured testimony or that the conviction was based on a confession extorted from the defendant by brutal methods") (citation omitted); *Schriro*, 542 U.S. at 352 ("This class of rules is extremely narrow, and 'it is unlikely that any . . . ha[s] yet to emerge.'") (citation omitted); *Whorton*, 549 U.S. at 418–19 (stating that in the years since *Teague*, the Supreme Court has "rejected every claim that

a new rule satisfied the requirements for watershed status") (citations omitted). The Supreme Court in *Whorton*, refers to *Gideon v. Wainwright*, 372 U.S. 335 (1963), as the only case identified as qualifying under this exception. *Whorton*, 549 U.S. at 419 (noting that in *Gideon* the Supreme Court held that counsel must be appointed for any indigent defendant charged with a felony). In referring to *Gideon*, the Supreme Court held that "less sweeping and fundamental rules" do not qualify. *Id.* at 421; *see also Brown v. Uphoff*, 381 F.3d 1219, 1226 (10th Cir. 2004) (noting that the rule at issue was not "on the magnitude of the rule announced in *Gideon v. Wainwright*" as it must be to fit within the *Teague* exception).

*Hills* does not create a watershed rule because it meets neither of the two requirements: It is neither necessary to prevent an impermissibly large risk of inaccurate convictions nor does it alter our understanding of the bedrock procedural elements essential to the fairness of the proceeding. *See Evans*, 2018 WL 6305654, at *4 (finding that "*Hills* does not meet the requirements for the creation of a watershed rule"); *Lewis*, 2019 WL 5320691, at *6 ("The rule in *Hills* does not qualify as a watershed rule because it was not 'necessary to prevent an impermissibly large risk of an inaccurate conviction,' but instead is a rule that limits one factor that could have influenced the outcome of a trial.") (citation omitted).

## IV. CONCLUSION

It appears as though the military court fully and fairly dealt with Petitioner's claim. Regardless, because the new rule of criminal procedure announced in *Hills* does not fall under an exception warranting retroactive application, Petitioner cannot apply it in the instant habeas case. The *Hills* ruling does not apply retroactively to undermine Petitioner's conviction on collateral review.

**IT IS THEREFORE ORDERED BY THE COURT** that the petition for habeas corpus is **denied.**

**IT IS SO ORDERED**.

**Dated November 22, 2019, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**